In the Matter of FRANCIS J. SCUDERI, an Attorney, Respondent.

First Department, February 3, 1933.

*Einar Chrystie*, for the petitioner.

No appearance for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court of the State of New York, First Department, on December 13, 1926.

The respondent has been charged with professional misconduct in substance as follows:

Shortly after March 1, 1931, a Mrs. Margaret L. Mooney and Mrs. Catherine A. DeMaille retained the respondent to bring actions in their behalf to collect damages for personal injuries. They agreed to pay respondent a fee equal to fifty per cent of the amount of the recovery. In the month of August, 1931, the respondent settled their respective claims with an insurance company for $125 in each case. At the request of the respondent, Mrs. Mooney and Mrs. DeMaille executed general releases on the 19th day of August, 1931, and within a day or two thereafter each plaintiff indorsed her check over to the respondent. At the same time the respondent stated to both clients that he would forward to each of them her share of the settlement as soon as the checks were collected. The proceeds of these checks were forthwith collected by the respondent but he failed to remit any part of the collections to either of his clients, although repeated demand was made by his clients therefor, until September 8, 1931, when the respondent sent to Mrs. Mooney his check for $62.50. The latter was returned unpaid on account of insufficient funds. Thereafter upon her return from Florida in October, 1931, Mrs. Mooney demanded of the respondent that he make good the check. The respondent promised that he would do so within a week's time, but he failed to pay either client until after he was advised that the matter would be brought to a hearing before the committee on grievances of the Association of the Bar of the City of New York.

To a petition setting forth these charges of professional misconduct the respondent, by answer, attempted to excuse his delays in remitting the collections by pleading an alleged necessity of obtaining releases to himself from his clients.

The matter was referred to a referee to take testimony upon the charges. The respondent failed to appear before the referee, although given numerous opportunities. The petitioner duly submitted proof in support of the charges. The learned referee has reported, finding the respondent guilty as charged. The record sustains the finding of the referee.

By supplemental petition of the Association of the Bar of the City of New York filed subsequent to the submission of the aforesaid charges to the referee, the respondent was charged with two

additional offenses, similar in character to the charges contained in the original petition. To this supplemental petition no answer has been made by the respondent.

It is obvious that an attorney at law who converts moneys belonging to four of his clients and makes no explanation therefor is not worthy to remain a member of the bar.

The respondent should be disbarred.

MARTIN, O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Respondent disbarred.